UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LAZARO DESPAIGNE BORRERO,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 07-1100 (RHK/FLN)<br><br>**REPORT AND RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas, which is brought under 28 U.S.C. § 2241. (Docket No. 1.)  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.     BACKGROUND**

In May 2004, a federal court jury in this District found Petitioner guilty of possession with intent to distribute crack cocaine.  United States v. Borrero, Crim. No. 03-281 (JNE). Petitioner was initially sentenced to 262 months in federal prison, but that sentence was

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at 2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

vacated on direct appeal, and the case was remanded for re-sentencing. United States v. Borrero, 149 Fed.Appx. 573 (8th Cir. 2005) (unpublished opinion). In February 2006, Petitioner was re-sentenced to 210 months in prison. He is currently serving his sentence at the United States Penitentiary - Big Sandy, ("USP-Big Sandy"), which is located in Inez, Kentucky.

After Petitioner was re-sentenced in 2006, he filed a second appeal, which apparently is still pending before the Eighth Circuit Court of Appeals. Even though it appears that Petitioner's case is still under review in the Court of Appeals, he is now attempting to challenge his conviction and sentence anew in his current § 2241 habeas corpus petition. The Court finds, however, that Petitioner's habeas corpus petition cannot be entertained in this District.

## II.  DISCUSSION

A federal district court cannot entertain a habeas corpus petition if neither the petitioner nor his custodian is located within the court's geographical boundaries when the petition is filed. See United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).

In this case, neither Petitioner nor his custodian, the Warden at USP-Big Sandy, is presently located in Minnesota. Therefore, the Minnesota District Court cannot exercise jurisdiction in this matter. United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

The only remaining question is whether this action should be dismissed, or whether it should be transferred to the district in which Petitioner and his custodian are presently located – namely the Eastern District of Kentucky, where USP-Big Sandy is located. Under different circumstances this matter might be transferred to the district where Petitioner is confined, pursuant to 28 U.S.C. § 1631, ("Transfer to Cure Want of Jurisdiction"). That will not be done here, however, because Petitioner's current claims for relief, which challenge the validity of his federal criminal conviction and sentence, cannot be raised in a § 2241 habeas corpus petition, even in the district where Petitioner is confined.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). This rule comes from the fifth paragraph of 28 U.S.C. § 2255, which provides that:

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his or her conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255; see also, Von

Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

In this case, Petitioner is clearly trying to overturn his federal criminal conviction and sentence. His present § 2241 habeas petition is therefore barred by § 2255's exclusive remedy rule. Because Petitioner's current claims for relief can only be raised and addressed in a § 2255 proceeding, it would serve no useful purpose to transfer his current § 2241 petition to the district where he is confined.[2]

The Court has also considered whether Petitioner's § 2241 habeas corpus petition should be construed to be a § 2255 motion, and then addressed by the court in which he was convicted and sentenced. However, that also would not be appropriate. If Petitioner's direct appeal is still pending in the Eighth Circuit Court of Appeals, (which clearly appears to be the case), then the trial court judge would undoubtedly deny any application for § 2255 relief that Petitioner might pursue at this time. Indeed, Petitioner has already tried to file a § 2255 motion in the trial court, and that motion was summarily dismissed as "premature," because of Petitioner's still-pending direct appeal. (See United State v. Borrero, Crim. No. 03-281 (JNE), Order dated August 14, 2006; [Docket No. 116].) Given the trial court judge's obvious (and understandable) unwillingness to entertain a § 2255 motion while Petitioner's direct appeal is still pending, it would serve no useful purpose to treat the present habeas corpus petition as a § 2255 motion, and then transfer the case to

---

[2] The Court recognizes that a prisoner can challenge his conviction or sentence in a § 2241 habeas petition, if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." However, Petitioner has made no effort to show that this exception is applicable here, and the Court finds no reason to believe that his case could fit within the exception. If Petitioner disagrees, he still can try to file a § 2241 habeas corpus petition in the proper district, (i.e., the Eastern District of Kentucky), but it appears to this Court that such an action would be futile.

the trial court judge.[3]

## III. CONCLUSION

In sum, the Court finds that Petitioner's current application for habeas corpus relief under § 2241 cannot be brought in this District because neither Petitioner, nor his custodian, is currently located in this District. The Court further finds that this action should not be transferred to the district where Petitioner is now confined, because he is challenging his original conviction and sentence, and such challenges can only be raised in a § 2255 motion filed in the trial court. Moreover, the current petition should not be construed to be a new § 2255 motion, and then transferred to the trial court, because Petitioner's pending appeal precludes § 2255 review at this time.

Thus, the Court will <u>not</u> recommend that this action be transferred to another district or treated as a § 2255 motion, but the Court will instead recommend that the action be summarily dismissed for lack of jurisdiction. See <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging conviction and/or sentence was properly dismissed for lack of jurisdiction).

Having determined that this action should be dismissed, the Court will further recommend that Petitioner's pending request for appointment of counsel, (Docket No. 2), and motion for leave to proceed <u>in forma pauperis</u>, (Docket No. 3), be summarily denied.

---

[3] The trial court judge dismissed Petitioner's prior § 2255 motion "without prejudice," so it appears that he may still be able to pursue that remedy if his direct appeal is not successful. However, as the trial court judge cautioned Petitioner in the dismissal order, he should be mindful of the doctrine of procedural default. In other words, he should make sure that his current appeal presents <u>all</u> available claims for relief.

## IV.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

2.  Petitioner's motion for appointment of counsel, (Docket No. 2), be DENIED;

3. Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 3), be DENIED; and

4.  This action be summarily DISMISSED for lack of jurisdiction.


Dated: February 15 , 2007

                                        s/ *Franklin L. Noel*
                                        FRANKLIN L. NOEL
                                        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 7, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.